UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

JEROME TALLEY,

Petitioner,

v.

JEANETTE DALTON,

Respondent.

NO. **CV-15-5452-LRS**

**ORDER OF DISMISSAL**

Petitioner has filed a 28 U.S.C. §2241 habeas corpus petition (ECF No. 7), seeking his release from the custody of the Kitsap County Jail. Petitioner indicates he is a pre-trial detainee awaiting trial in Kitsap County Superior Court. Respondent Dalton is a Kitsap County Superior Court Judge, but she is not properly named as respondent because she is not the custodian of the Kitsap County Jail. That would be the Kitsap County Sheriff. Regardless of this, however, Petitioner's petition is subject to dismissal for the reasons set forth below.

Although there is no exhaustion requirement mandated by 28 U.S.C. §2241(c)(3), the Ninth Circuit Court of Appeals has held that exhaustion is necessary as a matter of comity, unless special circumstances warrant federal intervention prior to a state criminal trial. *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980). "Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate."

*Perez v. Ledesma*, 401 U.S. 82, 85, 91 S.Ct. 674 (1971). Here, Petitioner has shown no special circumstances to warrant federal intervention, nor has he shown that he exhausted his state court remedies by presenting federal constitutional or statutory claims to the Washington state trial and appellate courts in the ongoing criminal proceedings against him. Abstention from interference with pending state judicial proceedings is required if the proceedings are ongoing, implicate important state interests, and afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515 (1982).

Accordingly, pursuant to Rule 4 of the Rules Governing 2254 Cases In The United States District Courts, Petitioner's petition (ECF No. 7) is summarily **DISMISSED**.[1] All pending motions (ECF Nos. 9, 10, 11 and 14) are **DISMISSED as moot**.

A certificate of appealability must be obtained by a petitioner in order to pursue an appeal from a final order in a Section 2241 habeas corpus proceeding. 28 U.S.C. Section 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability should be issued only where the appeal presents a substantial showing of the denial of a constitutional right. 28 U.S.C. Section 2253(c)(2). A certificate should issue where the prisoner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595 (2000). As it is not debatable that the court is correct in its procedural ruling that there are no special circumstances warranting federal court intervention and that Petitioner has failed to exhaust state court remedies, this court will not issue a certificate of

[1] See Rule 1(b) of Rules Governing Section 2254 Cases In The United States District Courts.

appealability. See Rule 11 of Rules Governing Section 2254 Cases In The United States District Courts.

**IT IS SO ORDERED.** The District Court Executive shall enter Judgment accordingly and forward a copy of the Judgment and this order to the Petitioner.

**DATED** this 13th day of August, 2015.

***s/Lonny R. Suko***

LONNY R. SUKO
Senior U. S. District Court Judge